UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN REYNARD SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO SHERIFF DEPARTMENT,<br><br>Defendant. | Case No. 18-cv-05089-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he was falsely arrested and his *Miranda* rights were violated. For relief plaintiff seeks to be released from custody and for money damages.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011)

(quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82). As a consequence, challenges to prison conditions traditionally have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

In this case it was not clear the relief plaintiff sought or his specific claims. The complaint was dismissed with leave to amend to provide more information. In the amended complaint, plaintiff has failed to provide a clear statement regarding his claims and the relief he seeks. Plaintiff states that the charges against him were dropped, yet for relief he still seeks to be released from custody in addition to money damages. To the extent that he seeks to be released from custody, he may file a federal habeas petition after he has been convicted and he has exhausted his claims.

To the extent plaintiff seeks money damages resulting from his arrest, plaintiff is informed that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. The amended complaint is dismissed with leave to amend to address the deficiencies noted above. If plaintiff does seek money damages for his arrest and can proceed, he must identify specific defendants and describe how they violated his constitutional rights. Simply stating he was wrongly arrested with no specific factual allegations is insufficient.

3

Plaintiff is reminded that he cannot seek both money damages and to be released from custody in the same action.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed no later than **December 14, 2018**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint may result in dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 15, 2018

PHYLLIS J. HAMILTON
United States District Judge

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| ADRIAN REYNARD SMITH, | |
|---|---|
| Plaintiff, | Case No. 18-cv-05089-PJH |
| v. | **CERTIFICATE OF SERVICE** |
| SAN FRANCISCO SHERIAFF DEPARTMENT, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 15, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Adrian Reynard Smith ID: #567942
San Francisco Count Jail
County Jail #4
850 Bryant Street
San Francisco, CA 94103

Dated: November 15, 2018

Susan Y. Soong
Clerk, United States District Court

_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON